# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 09 CR 248 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| KEVIN M. GORE ) | |

## AGREED PROTECTIVE ORDER

By agreement of the United States and the defendant, it is hereby ORDERED as follows:

1. All materials ("Materials") produced by Fifth Third Bank to the United States and to Defendant pursuant to the court order dated May 19, 2010 ("Court Order"), including but not limited to electronically stored information, computer files, email messages, or any other materials remain the property of Fifth Third Bank. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof, shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

2. All of the Materials may be utilized by Defendant, Defendant's counsel, and employees and agents of Defendant's counsel solely in connection with the defense of this case and for no other purpose.

3. Defendant's counsel and Defendant shall not disclose the Materials directly or indirectly to any other person except persons employed by or agents working with Defendant's counsel to assist in the defense, persons who are interviewed as potential witnesses and attorneys for potential witnesses, persons who are consulted as potential and/or retained experts during the course of the litigation of this case, and/or such other persons to whom the Court may authorize disclosure (collectively "Authorized Persons"). Defendant and Defendant's counsel shall not

disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Materials. The Materials shall not be copied or reproduced by Defendant's counsel or Defendant either directly or indirectly unless they are copied for use by Authorized Persons to assist in the defense, and in that event, such copies and reproductions must be treated in the same manner as the original Materials.

4. Before providing the Materials to an Authorized Person, Defendant's counsel must provide the Authorized Person with a copy of this Order and require the Authorized Person to sign a statement that represents that the Authorized Person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defendant's counsel shall maintain a copy of the signed statement of each Authorized Person for a period of twelve months after the conclusion of all stages of this case.

5. To the extent any material is produced to Defendant and Defendant's counsel by mistake, the United States, and Fifth Third Bank with respect to materials Fifth Third Bank produced pursuant to the Court Order, shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, Defendant and Defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that the returned material and all copies of such material have been deleted permanently from any location in which the material was stored.

6. By virtue of the provisions of this Order, Fifth Third Bank shall be deemed to have taken adequate and appropriate measures to protect against inappropriate or unlawful disclosure of any personally identifiable information, customer financial records, or other

information of any kind. Fifth Third Bank shall not be subject to liability of any sort for complying with Defendant's discovery requests or orders of court.

7. The restrictions set forth in this Order do not apply to documents that are or become public court record.

8. This Order may be modified by agreement of the parties with permission of the Court or by further order of the Court.

ENTER: _____
JUDGE JOAN B. GOTTSCHALL

Date: __8/3__, 2010
Chicago, Illinois